David S. Bridge (9077)
SCALLEY READING BATES
HANSEN & RASMUSSEN, P.C.
15 West South Temple, Suite 600
Salt Lake City, Utah 84101
Telephone: (801) 531-7870
E-mail: dbridge@scalleyreading.net

*Attorney for Plaintiff Atain Specialty Insurance Company*

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ATAIN SPECIALTY INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>v.<br><br>R. WHITE CONSTRUCTION, INC.;<br>R. WHITE CONSTRUCTION, LLC; THE<br>TRAVELERS HOME AND MARINE<br>INSURANCE COMPANY, as subrogee of<br>David Starnes,<br><br>        Defendants. | **COMPLAINT FOR DECLARATORY RELIEF**<br><br>Civil No. _____<br><br>Judge: _____ |

Plaintiff Atain Specialty Insurance Company ("Atain"), by and through counsel of record, pursuant to Rule 57 of the *Federal Rules of Civil Procedure* and 28 U.S.C. § 2201, files this Complaint For Declaratory Relief and complains and alleges against Defendants R. White Construction, Inc.; R. White Construction, LLC (collectively "RWC"); and The Travelers Home and Marine Insurance Company, as subrogee of David Starnes ("Travelers") as follows:

## PARTIES

1.     Atain is a Michigan corporation with its headquarters and principal place of business in Farmington Hills, Michigan and is authorized to conduct business in Utah.

2.     R. White Construction, Inc. is a Utah corporation with its headquarters and principal place of business in Clinton, Davis County, Utah.

3.     R. White Construction, LLC is a Utah limited liability company with its headquarters and principal place of business in Clinton, Davis County, Utah.

4.     The Travelers Home and Marine Insurance Company is a Connecticut corporation with its headquarters and principal place of business in Hartford, Connecticut and is authorized to conduct business in Utah.

## JURISDICTION AND VENUE

5.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a)(1) because the plaintiff and defendants are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs (claimed amount in the Complaint in the Underlying Litigation is $304,456.14).

6.     Venue is proper in the District of Utah under 28 U.S.C. § 1381(b)(2) because all events giving rise to this claim occurred in this district.

## GENERAL ALLEGATIONS

I.     **The Policy**

7.     On or about October 24, 2018, Atain issued to R. White Construction, Inc. a commercial general liability policy, Policy No. CIP354959, which had a policy period of 10/24/18

2

to 10/24/19 with a policy limit of $1,000,000 limit per occurrence, and a general aggregate limit of

$2,000,000 (hereinafter the "Policy").

8.      In the Policy, the named insured was amended from R. White Construction, Inc. to

R. White Construction, LLC on November 4, 2018 by General Change Endorsement.  A true and

correct copy of this policy is attached hereto as **Exhibit "A"** and is incorporated herein by reference.

9.      The Policy contains the following language:

* * * *

**COMMERCIAL GENERAL LIABILITY**
**CG 00 01 04 13**
**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

* * * *

The word "insured" means any person or organization qualifying as such
under Section II - Who Is An Insured

* * * *

**SECTION I - COVERAGES**
**COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
**1.**     **Insuring Agreement**
    a.    We will pay those sums that the insured becomes legally
        obligated to pay as damages because of "bodily injury" or
        "property damage" to which this insurance applies.  We will
        have the right and duty to defend the insured against any
        "suit" seeking those damages.  However, we will have no
        duty to defend the insured against any "suit" seeking
        damages for "bodily injury" or "property damage" to which
        this insurance does not apply.  We may, at our discretion,
        investigate any "occurrence" and settle any claim or "suit"
        that may result.  But:
        (1)   The amount we will pay for damages is limited as
            described in Section III - Limits Of Insurance; and
        (2)   Our right and duty to defend ends when we have
            used up the applicable Limit of Insurance in the
            payment of judgments or settlements under
            Coverage A or B or medical expenses under
            Coverage C.
        No other obligation or liability to pay sums or perform acts
        or services is covered unless explicitly provided for under

3

Supplementary Payments - Coverages A and B.

b.    This insurance applies to "bodily injury" and "property damage" only if:

(1)    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(2)    The "bodily injury" or "property damage" occurs during the policy period; and

(3)    Prior to the policy period, no insured listed under Paragraph 1. of Section II - Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part.  If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

c.    "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1. of Section II - Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

d.    "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of Section II - Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

(1)    Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

(2)    Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

(3)    Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

e.    Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

**2.    Exclusions**

This insurance does not apply to:

**a.    Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.  This exclusion does not apply to

4

"bodily injury" resulting from the use of reasonable force to protect persons or property.

\* \* \* \*

**j.     Damage To Property**

"Property damage" to:

(1)     Property you own, rent, or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;

(2)     Premises you sell, give away or abandon, if the "property damage" arises out of any part of those premises;

(3)     Property loaned to you;

(4)     Personal property in the care, custody or control of the insured;

(5)     That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

(6)     That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

Paragraphs (1), (3) and (4) of this exclusion do not apply to "property damage" (other than damage by fire) to premises, including the contents of such premises, rented to you for a period of seven or fewer consecutive days. A separate limit of insurance applies to Damage To Premises Rented To You as described in Section III- Limits Of Insurance.

Paragraph (2) of this exclusion does not apply if the premises are "your work" and were never occupied, rented or held for rental by you.

Paragraphs (3), (4), (5) and (6) of this exclusion do not apply to liability assumed under a sidetrack agreement.

Paragraph (6) of this exclusion does not apply to "property damage" included in the "products- completed operations hazard".

**k.     Damage To Your Product**

"Property damage" to "your product" arising out of it or any part of it.

**l.     Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on

5

your behalf by a subcontractor.

**m.    Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising   out of:

(1)    A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

(2)    A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

* * * *

**V - Definitions**
* * * *

8.    "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

a.    It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

b.    You have failed to fulfill the terms of a contract or agreement;

if such property can be restored to use by the repair, replacement, adjustment or removal of "your product" or "your work" or your fulfilling the terms of the contract or agreement.

* * * *

13.    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

* * * *

16.    "Products-completed operations hazard":

a.    Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

(1)    Products that are still in your physical possession; or

(2)    Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

(a)    When all of the work called for in your contract has been completed.

(b)    When all of the work to be done at the job site has been completed if your contract calls

        for work at more than one job site.

     (c) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

        Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

   b. Does not include "bodily injury" or "property damage" arising out of:

    (1) The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading" of that vehicle by any insured;

    (2) The existence of tools, uninstalled equipment or abandoned or unused materials; or

    (3) Products or operations for which the classification, listed in the Declarations or in a policy Schedule, states that products completed operations are subject to the General Aggregate Limit.

17. "Property damage" means:

   a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

   b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

For the purposes of this insurance, electronic data is not tangible property.

As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CO-ROMs, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

\* \* \* \*

21. "Your product":

   a. Means:

        (1)      Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

                (a)      You;

                (b)      Others trading under your name; or

                ©      A person or organization whose business or assets you have acquired; and

        (2)      Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

    b.      Includes:

        (1)      Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

        (2)      The providing of or failure to provide warnings or instructions.

    c.      Does not include vending machines or other property rented to or located for the use of others but not sold.

22.      "Your work":

    a.      Means:

        (1)      Work or operations performed by you or on your behalf; and

        (2)      Materials, parts or equipment furnished in connection with such work or operations.

    b.      Includes:

        (1)      Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

        (2)      The providing of or failure to provide warnings or instructions.

* * * *

SECTION II – WHO IS AN INSURED

1.      If you are designated in the Declarations as:

* * * *

    **d.**      An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

* * * *

**2.**      Each of the following is also an insured:

    **a.**      Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint

venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business.

* * * *

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY
ROOFING OPERATIONS CONDITIONS AND LIMITATION OF COVERAGE
This endorsement modifies insurance provided under the following:
COMMERCIAL GENERAL LIABILITY COVERAGE FORM
This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below
Endorsement Number
Inception Date            Expiration Date
10/24/2018               10/24/2019
Endorsement Effective   Policy Number
10/24/2018               CIP354959
Named Insured
R. WHITE CONSTRUCTION INC.

I.      Open Roof Conditions And Exclusion

Any insured seeking coverage under this policy must do both of the following for any "open roofs" that are left unattended: (1) take all appropriate steps to determine adverse weather conditions; and (2) provide temporary waterproof covering able to withstand the elements.

This insurance does not apply and there shall be no duty to defend or indemnify any insured for any "property damage" to any building, structure, any contents within any building or structure, or any other resulting "property damage" unless both of the conditions above have been satisfied for any "open roofs." The term "open roofs" as used in this endorsement shall include any roof or section thereof where the protective covering (shingles, tar, felt paper, or any other protective covering) has been removed.

II.     Hot Processes Exclusion

This insurance does not apply and there shall be no duty to defend or indemnify any insured for any "bodily injury" or "property damage" arising, in whole or part, out of the use of any the following on any roof: hot tar, any torch work, the use of any fire, or any other hot processes of any kind.

All other terms and conditions of this policy remain unchanged.
* * * *

## II.     The Underlying Lawsuit

9

10.     On May 11, 2021, Travelers filed a Complaint against RWC in Second District Court of Salt Lake County, State of Utah, Civil No. 210700368, (the "Underlying Lawsuit").  A copy of the Complaint in the Underlying Lawsuit is attached hereto as **Exhibit "B"**.

11.     The Complaint in the Underlying Lawsuit states in relevant part:

> 8.     Subrogor is the owner of a home located at 1370 N. Highway 89, Kaysville, Utah, 84037 ("residence").
>
> 9.     Subrogor contracted with R. White, to perform a roof replacement at his residence which was to include the removal, clean-up, and haul away of old roofing materials, installing a new drip edge, water and ice guard, ridge line ventilation, flashings, new underlayment, and limited Life Time shingles, for a total of $25,893.00.
>
> 10.     Upon information and belief, during the roof construction, and after removal of at least a portion of the old roofing materials, the roof was negligently left exposed without any plastic tarping/Visqueen or other appropriate covering to protect against weather.
>
> 11.     On or about May 29, 2019, while the roof was negligently left exposed, a heavy rainstorm occurred, which resulted in flooding in the Subrogor's residence, causing significant damage throughout.
>
> 12.     Upon information and belief, R. White contracted with Adams to perform a portion of the roofing work that is the subject of this Complaint, and Adams was working on the roof at or near the time of May 29, 2019, when the damage occurred.
>
> 13.     R. White and Adams negligently performed their work at Subrogor's residence, thereby causing significant damage to the residence.
>
> 14.     Subrogor is insured by Travelers and Travelers paid for the damage to Subrogor's residence.
>
> 15.     Travelers has demanded that R. White compensate Plaintiff for the Damages caused by its negligence, which was rejected by R. White.
>
> 16.     Upon information and belief, R. White has demanded that Adams pay Travelers' demand, to no avail.
>
> **FIRST CAUSE OF ACTION**
> **(NEGLIGENCE)**
>
> 17.     Travelers realleges and incorporates by reference paragraphs 1-16 above.
>
> 18.     At all relevant times herein referenced, Subrogor is and was insured against loss and/or damages by Travelers under a policy of insurance issued by Travelers to Subrogor as the named insured.
>
> 19.     During all times relevant to this action, R. White and Adams owed a duty of care to Subrogor in performing a roof replacement at Subrogor's residence.
>
> 20.     That, on or about May 29, 2019, R. White and Adams failed to use due care while performing their work on Subrogor's roof.

21.     That, as a direct and proximate result of the negligence of R. White and Adams, Travelers was required to repair Subrogor's residence in the amount of $304,456.14.

22.     In addition to the repair costs, Travelers has been forced to incur costs and attorney's fees as a result of R. White's and Adams' negligence.

**SECOND CAUSE OF ACTION**
**(BREACH OF CONTRACT against Defendant, R. White Construction)**

23.     Travelers realleges and incorporates by reference paragraphs 1-22 above.

24.     R. White contracted with Subrogor to complete the roof replacement at his residence.

25.     Pursuant to the agreement between R. White and Subrogor, the roof replacement to be performed by R. White was to include the removal, clean-up, and haul-away of old roofing materials, installing a new drip edge, water and ice guard, ridge line ventilation, flashings, new underlayment, and limited Life Time shingles, for a total of $25,893.00.

26.     R. White had an obligation to perform the work in a sound, workmanlike, and substantial manner.

27.     The roof replacement work performed by R. White was performed in a negligent and non-workmanlike manner, having failed to cover an open roof with Visqueen or other material to protect the residence from the weather, which resulted in significant damages to the structure and interior of the residence.

28.     R. White breached its contract with Subrogor resulting in damages incurred by Plaintiff.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Travelers Home and Marine Insurance Company, prays for judgment against Defendants, R. White Construction and Adams Quality Construction, as follows:

1.     As to the first cause of action, for all damages resulting from negligence, including costs, interest, expenses, and attorney's fees; and for all other damages and/or relief as this Court may deem just and proper.

2.     As to the second cause of action, for all damages resulting from the breach(es) of contract, special damages, consequential damages, costs, interest, expenses, and attorney's fees; and for all other damages and/or relief as this Court may deem just and proper.

3.     Any other relief the Court deems equitable and/or proper.

****

Complaint, **Exhibit "B".**

12.     Atain has provided a defense to RWC in the Underlying Lawsuit under a full reservation of rights.

13.     The Complaint in the Underlying Lawsuit alleges causes of action for negligence and breach of contract resulting from a failure cover an open roof. *See, generally*, Complaint, **Exhibit**

11

**"B"**.

14.     Atain files this action to request this Court for judicial declaration that Atain has no duty to defend or indemnify RWC against the claims in the Underlying Lawsuit.

## ACTION FOR DECLARATORY RELIEF

15.     Atain realleges and incorporates by reference all allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

16.     An actual dispute and controversy exists between Atain and RWC regarding whether there is coverage available under the Policy for the claims raised in the Underlying Lawsuit as shown in the language from the Policy as quoted above.

17.     Under the Policy, there is no coverage for the Underlying Lawsuit, or the claims asserted therein, due to the Roofing Operations Conditions and Limitation of Coverage Endorsement.

18.     Under the Policy, there is no coverage for the Underlying Lawsuit, or the claims asserted therein, due to the "Damage to Property" exclusions.

19.     Under the Policy, there is no coverage for the Underlying Lawsuit, or the claims asserted therein, based on other provisions of the Policy.

20.     Based on the foregoing, a judicial determination is necessary and appropriate at this time to determine the respective rights of Plaintiff and Defendant under the Policy.

21.     Based on the foregoing, a judicial determination is necessary and appropriate at this time to determine the respective rights of Atain and RWC under the Policy.

22.     Pursuant to Rule 57 of the *Federal Rules of Civil Procedure* and 28 U.S.C. § 2201,

Atain request a declaration from this Court that:

    a.    Under the Policy, there is no coverage for the Underlying Lawsuit, or the claims asserted therein, due to the Roofing Operations Conditions and Limitation of Coverage Endorsement.

    b.    Under the Policy, there is no coverage for the Underlying Lawsuit, or the claims asserted therein, due to the "Damage to Property" exclusions.

    c.    Under the Policy, there is no coverage for the Underlying Lawsuit, or the claims asserted therein, based on other provisions of the Policy.

    d.    As coverage is precluded, Atain has no duty to defend or indemnify RWC for the Underlying Lawsuit, or the claims asserted therein.

    e.    As coverage is precluded, RWC has no right of recovery against Atain for the Underlying Lawsuit, or the claims asserted therein.

### **PRAYER FOR RELIEF**

WHEREFORE, Atain prays for the following relief:

1.    A declaration that:

    a.    Under the Policy, there is no coverage for the Underlying Lawsuit, or the claims asserted therein, due to the Roofing Operations Conditions and Limitation of Coverage Endorsement.

    b.    Under the Policy, there is no coverage for the Underlying Lawsuit, or the claims asserted therein, due to the "Damage to Property" exclusions.

    c.    Under the Policy, there is no coverage for the Underlying Lawsuit, or the

claims asserted therein, based on other provisions of the Policy.

    d.    As coverage is precluded, Atain has no duty to defend or indemnify RWC for the Underlying Lawsuit, or the claims asserted therein.

    e.    As coverage is precluded, RWC has no right of recovery against Atain for the Underlying Lawsuit, or the claims asserted therein.

2.    For Plaintiff's attorneys' fees and costs incurred herein.

3.    For such other and further relief as the Court deems just and proper.

DATED this 22nd day of July, 2021.

**SCALLEY READING BATES**
**HANSEN & RASMUSSEN, P.C.**

    /s/ David S. Bridge
David S. Bridge
*Attorney for Plaintiff Atain Specialty Insurance Company*

Plaintiff's Addresses:
Kaufman Financial Center
30833 Northwestern Highway
Farmington Hills, MI 48334

14