IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ATAIN SPECIALTY INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>R. WHITE CONSTRUCTION, INC.; R. WHITE CONSTRUCTION, LLC; THE TRAVELERS HOME AND MARINE INSURANCE COMPANY, as subrogee of David Starnes,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>No. 1:21-cv-00104-RJS-DAO<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiff Atain Specialty Insurance Company seeks a declaration that it is not required to defend or indemnify Defendants R. White Construction, Inc. and R. White Construction, LLC (collectively, "RWC") in an underlying suit pending in state court.[1] Before the court is Atain's Motion for Summary Judgment.[2] For the reasons explained below, the Motion is DENIED without prejudice.

**BACKGROUND AND PROCEDURAL HISTORY**

On July 22, 2021, Atain filed a Complaint for Declaratory Relief against Defendants RWC and the Travelers Home and Marine Insurance Company.[3] Atain alleged that on October 24, 2018, it issued a commercial general liability policy to RWC (Policy No. CIP354959) ("the

---

[1] *See* Dkt. 2 (Complaint).

[2] Dkt. 19 (Motion for Summary Judgment).

[3] Dkt. 2. Under the Declaratory Judgment Act, "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." 28 U.S.C. § 2201(a).

1

Policy"), effective October 24, 2018 through October 24, 2019.[4] Under the Policy, Atain was obligated to defend RWC from any "suit," and indemnify RWC from damages arising from a suit because of "bodily injury" or "property damage" caused by an "occurrence" in the coverage territory during the Policy period.[5] The Policy contained an "Open Roof Conditions and Exclusion," which states the Policy does not apply to an open roof left unattended unless the insured: "(1) take[s] all appropriate steps to determine adverse weather conditions, and (2) provide[s] temporary waterproof covering able to withstand the elements."[6]

Atain further alleged that on May 11, 2021, Travelers filed a complaint against RWC in the Second District Court, State of Utah (the "Underlying Suit").[7] The complaint in the Underlying Suit ("Underlying Complaint") alleges that Travelers insured the owner of a home located in Kaysville, Utah; the homeowner contracted with RWC to perform a roof replacement; and RWC and its subcontractor negligently left the roof exposed during a rainstorm on May 29, 2019, resulting in flooding and damage to the home.[8] The Underlying Suit includes negligence and breach of contract claims against RWC for damages arising from the flooding.[9] Atain seeks a declaration from this court that, under the Policy's Open Roofs Exclusion, it has no duty to defend or indemnify RWC in the Underlying Lawsuit.[10]

---

[4] Dkt. 2 ¶ 7. The Policy originally issued to R. White Construction, Inc., but on November 4, 2018, the named insured was amended to R. White Construction, LLC by a general change endorsement. *Id.* ¶ 8.

[5] *Id.* ¶ 9.

[6] *Id.*; *see also infra* Section 1 (statement of undisputed facts) (quoting full exclusion language).

[7] Dkt. 2 ¶ 10.

[8] *Id.* ¶ 11.

[9] *Id.*

[10] *Id.* ¶ 22(a), (d). Atain also seeks a declaration that the Policy does not cover the Underlying Lawsuit under the "damage to property" exclusions and "other provisions of the Policy." *Id.* (b), (c). Because the instant Motion for Summary Judgment focuses only on the Open Roofs exclusion, the court will not rehearse those other sections of the Policy.

Defendants Travelers and RWC were served with the Complaint in the present action on August 3, 2021.[11] On November 2, 2021, Travelers answered the Complaint.[12] However, neither of the RWC Defendants appeared or responded.[13] On January 12, 2022, Atain filed a Motion for Entry of Default as to the RWC Defendants,[14] and the Clerk of Court entered a default certificate as to the RWC Defendants.[15]

Meanwhile, on January 10, 2022, Atain filed the pending Motion for Summary Judgment pursuant to Rule 56(a), seeking a judicial determination that under the Open Roofs Exclusion it owes RWC no coverage for defense or indemnity in the Underlying Lawsuit.[16] No discovery had occurred before Atain filed its Motion.[17]

On February 18, 2022, Travelers filed a Memorandum in Opposition to the Motion for Summary Judgment, arguing the Motion was premature and should be denied.[18] Travelers also filed an Affidavit in opposition to summary judgment pursuant to Federal Rule of Civil Procedure 56(d), stating it could not present facts necessary to oppose the Motion "because it ha[d] not been given an opportunity to conduct any discovery."[19] Atain filed a Reply Memorandum on March 4, 2022.[20]

The Motion being fully briefed, the court turns to the parties' arguments.

---

[11] Dkt. 4; Dkt. 5; Dkt. 6.

[12] Dkt. 9.

[13] *See* Dkt. 18 (Docket Text Order).

[14] Dkt. 20 (Plaintiff's Motion for Entry of Default).

[15] Dkt. 24 (Clerk's Entry of Default Certificate).

[16] *See* Dkt. 19 at 2 (summarizing argument).

[17] *See* Dkt. 33 (Affidavit in Opposition to Summary Judgment) ¶ 6.

[18] *See* Dkt. 34 (Memorandum in Opposition).

[19] Dkt. 33.

[20] Dkt. 35 (Memorandum in Support).

**LEGAL STANDARD**

Summary judgment under Rule 56 is appropriate if the moving party shows "there is no genuine issue as to any material fact" and it is "entitled to judgment as a matter of law."[21] "A material fact is one that might affect the outcome of the suit under the governing law, and a genuine issue is one for which the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[22]

In the Tenth Circuit, "the moving party carries the burden of showing beyond a reasonable doubt that it is entitled to summary judgment."[23] This burden may be met by demonstrating "that the nonmoving party does not have enough evidence to carry its burden of persuasion at trial."[24] In ruling on a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."[25] However, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."[26] This is a threshold inquiry to ascertain whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."[27]

Further, "the general rule is that summary judgment should not be entered where the nonmoving party has not had the opportunity to discover information that is essential to his

---

[21] Fed. R. Civ. P. 56(a).

[22] *Pelt v. Utah*, 539 F.3d 1271, 1280 (10th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (internal quotation marks omitted)).

[23] *Id.* (internal quotation marks, alteration, and citation omitted).

[24] *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 979 (10th Cir. 2002) (citation omitted).

[25] *Liberty Lobby*, 477 U.S. at 255.

[26] *Id.* at 249. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge[.]" *Id.* at 255.

[27] *Id.* at 250.

opposition."[28] Under Rule 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . defer considering the motion or deny it."[29] The court "may not look beyond the affidavit in considering a Rule 56(d) request."[30] Denial of a Rule 56(d) request is appropriate where a motion for summary judgment presents "purely legal questions," resolution of which would not be affected by additional discovery.[31] The district court's evaluation of a Rule 56(d) affidavit is reviewed for an abuse of discretion, which "implies a degree of discretion invested in judges to render a decision based upon what is fair in the circumstances."[32]

## ANALYSIS

The court will present the undisputed facts in support of the Motion for Summary Judgment and recount the parties' arguments, including the Rule 56(d) affidavit, before resolving the Motion.

### I. Undisputed Facts

Atain offers a statement of facts in support of its Motion for Summary Judgment.[33] In its Opposition Memorandum, Travelers states it does not dispute the statement of facts but "affirmatively states that no discovery has occurred regarding RWC actions which may or may not trigger the Open Roofs Conditions and Exclusion."[34]

---

[28] *United States v. Sup. Ct. of N.M.*, 839 F.3d 888, 904 (10th Cir. 2016) (internal quotation marks and citations omitted).

[29] Fed. R. Civ. P. 56(d)(1).

[30] *Cerveny v. Aventis, Inc.*, 855 F.3d 1091, 1110 (10th Cir. 2017) (affirming denial of Rule 56(d) request even where the response to the summary judgment motion "arguably contained the information required" because that information was not set out in the affidavit).

[31] *Sup. Ct. of N.M.*, 839 F.3d at 905.

[32] *Sup. Ct. of N.M.*, 839 F.3d at 904.

[33] *See* Dkt. 19 at 3–7.

[34] Dkt. 34 at 3.

The undisputed material facts are as follows:[35]

1. On or about October 24, 2018, Atain issued to R. White Construction, Inc. a commercial general liability policy, Policy No. CIP 354959, with a policy period of 10/24/18 to 10/24/19, a policy limit of $1,000,000 limit per occurrence, and a general aggregate limit of $2,000,000.[36]

2. The Policy contains the following language concerning coverage and exclusions:

    > We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.[37]

    And, the following language concerning the Open Roofs Condition and Exclusion:

    > Any insured seeking coverage under the policy must do both of the following for any "open roofs" that are left unattended: (1) take all appropriate steps to determine adverse weather conditions; and (2) provide temporary waterproof covering able to withstand the elements. This insurance does not apply and there shall be no duty to defend or indemnify any insurance for any "property damage" to any building, structure, any contents within any building or structure, or any other resulting "property damage" unless both of the conditions above have been satisfied for any "open roofs." The term "open roofs" as used in this endorsement shall include any roof or section thereof where the protective covering (shingles, tar, felt paper, or any other protective covering) has been removed.[38]

---

[35] Atain's Statement of Facts contains lengthy citations to the Policy and the Underlying Complaint, neither of which Travelers disputes. For clarity and brevity, the court only reproduces the sections relevant to the instant Motion and provides citations to the full quotations in Atain's Motion.

[36] Dkt. 19 at 3.

[37] Dkt. 19 at 3–4 (citing Dkt. 2-2 at 44).

[38] *Id.* at 5 (citing Dkt. 2-2 at 14). Atain provides additional citations to the Policy in its Motion. *See id.* at 3–5.

3. On May 11, 2021, Travelers filed the Underlying Complaint against RWC in the Second District Court of Davis County, State of Utah, Civil No. 210700368.[39]

4. The Underlying Complaint includes causes of action for negligence and breach of contract, alleging in relevant part:

   a. Travelers' subrogor "contracted with R. White[] to perform a roof replacement at his residence,"

   b. "Upon information and belief, during the roof construction, and after removal of at least a portion of the old roofing materials, the roof was negligently left exposed without any plastic tarping/Visqueen or other appropriate covering to protect against weather";

   c. "On or about May 29, 2019, while the roof was negligently left exposed, a heavy rainstorm occurred, which resulted in flooding in the Subrugor's residence, causing significant damage throughout";

   d. RWC's negligence caused the damage to the Subrugor's residence.[40]

**II.    Parties' Arguments**

In its Motion, Atain argues that under Utah law an insurer's duty to defend a lawsuit is determined by applying the "eight corners" rule: "comparing the allegations within the four corners of the complaint to the language contained in the four corners of the insurance policy."[41] "Under this rule, the duty to defend arises when 'the allegations in the underlying complaint. . . if

---

[39] *Id.* at 6; *see also* Dkt. 2-3 (Exhibit B: Underlying Complaint).

[40] Dkt. 19 at 6–7 (citing Dkt. 2-3 ¶¶ 9–13). Atain provides additional citations to the Underlying Complaint in its Motion. *See id.* at 6–7.

[41] *Id.* at 9 (citing *Equine Assisted Growth & Learning Ass'n v. Carolina Cas. Ins. Co.*, 266 P.3d 733, 737 (Utah 2011)).

proved, could result in liability under the policy.'"[42] "Where the allegations, if proved, show there is no potential liability under the policy, there is no duty to defend."[43] And because the duty to defend is "generally broader" than the duty to indemnify, if there is no duty to defend, then there is no duty to indemnify.[44] Atain argues that if the "eight corners" rule is applied, under the "plain and ordinary meaning" of the Policy and Underlying Complaint, Atain has no duty to defend or indemnify RWC in the Underlying Suit.[45] Specifically, because the Underlying Complaint "clearly alleges" that: (1) RWC negligently left the roof exposed without any appropriate covering to protect the home, (2) the property damage was caused by rain flooding the home, and (3) the Open Roofs Exclusion requires the insured to "both check the weather and provide temporary waterproof covering able to withstand the elements," Atain has no duty to defend.[46] Atain acknowledges it bears the burden of proving the Open Roofs Exclusion applies to bar coverage.[47]

In its Opposition, Travelers argues Atain's Motion is "premature," having been made before any disclosures were made or discovery conducted in this case, and "little to no discovery has occurred in the Underlying Lawsuit."[48] Travelers argues that Atain's Motion relies solely on

---

[42] *Id.* (quoting *Nova Cas. Co. v. Able Constr., Inc.*, 983 P.2d 575, 578 (Utah 1999)).

[43] *Basic Research, LLC v. Admiral Ins. Co.*, 297 P.3d 578, 580 (Utah 2013).

[44] Dkt. 19 at 9 (citing *Mid-America Pipeline Co. v. Mtn. States Mut. Cas. Co.*, No. 20:05-CV-153, 2006 WL 1278748, at *4 (D. Utah May 8, 2006)).

[45] Atain notes that insurance policies are treated as contracts under Utah law and interpreted to give effect to the parties' intent as expressed by the document's plain language. Dkt. 19 at 10 (citing, *e.g.*, *Alf v. State Farm Fire & Cas. Co.*, 850 P.2d 1272, 1274 (Utah 1993); *Headwaters Res., Inc. v. Ill. Union Ins. Co.*, 770 F.3d 885, 891 (10th Cir. 2014)). Atain acknowledges that any ambiguities in contract language are "resolved against the insurer and in favor of the insured," but argues that the contract language in the Policy is unambiguous. *Id.* at 11–12.

[46] Dkt. 19 at 14.

[47] *Id.* at 13.

[48] Dkt. 34 at 2 (summarizing argument).

the Open Roofs Exclusion.[49] And Travelers notes that the Open Roofs Exclusion applies only if RWC failed to "(1) take all appropriate steps to determine adverse weather conditions and (2) provide temporary waterproof covering able to withstand the elements."[50] Without discovery, either in this case or the Underlying Suit, Travelers argues it lacks key evidence related to RWC's knowledge of weather conditions, efforts to protect the residence, and communications with subcontractors; evidence necessary "in determining the applicability of the exclusion to the claims made by Travelers in the underlying action."[51] Travelers argues it "is prejudiced and unable to oppose Atain's Motion for Summary Judgment."[52] Travelers further asserts these facts are disputed, even at this early stage, because RWC answered the complaint in the Underlying Suit and denied the allegations.[53] Because these material factual issues cannot be resolved, Travelers argues the Motion for Summary Judgment should be denied.[54]

In Travelers' Rule 56(d) Affidavit,[55] counsel states that on January 10, 2022, when the Motion for Summary Judgment was filed, neither the initial disclosures nor any written discovery had been exchanged by the parties, and "how [RWC] conducted its work at the residence . . . has yet to be confirmed or determined."[56] Travelers avers these facts are material

---

[49] *Id.* at 5.

[50] *Id.*

[51] *Id.* at 5–6.

[52] *Id.* at 5.

[53] *Id.* at 6; *see also* Dkt. 34-2 (Exhibit B: Answer) ¶¶ 10–11. Travelers also argues this issue "is further complicated by RWC's failure to appear in this matter." Dkt. 34 at 7.

[54] Dkt. 34 at 6.

[55] The court separately recounts the information contained in Travelers' Rule 56(d) Affidavit, despite some redundancy with the arguments made in its Opposition to Atain's Motion for Summary Judgment, because the Tenth Circuit standard requires the court to consider only the information in the Affidavit when evaluating a Rule 56(d) request. *See Cerveny*, 855 F.3d at 1110.

[56] Dkt. 33 ¶¶ 6, 10.

to its opposition to the Motion for Summary Judgment.[57] Travelers further avers that a "key element" of its defense is "how [RWC] conducted its operations, information which Travelers has not had any opportunity to conduct discovery on, evaluate and assess for use in opposition to Atain's Motion for Summary Judgment."[58] As such, Travelers maintains it is prejudiced in its ability to oppose Atain's Motion without time to conduct discovery concerning RWC's efforts or compliance, or lack thereof, with the express conditions for application of the Open Roofs Exclusion.[59]

In Atain's Reply Memorandum, it argues that because the duty to defend can be ascertained from the collective eight corners of the Policy and Underlying Complaint, the additional discovery Travelers states is necessary for its defense is not, in fact, necessary. Instead, a legal determination of its duty to defend and indemnify can be made by referencing just the Policy and Underlying Complaint.[60]

### III. Application

The court first considers Utah's "eight corners" rule, and concludes extrinsic evidence is necessary to determine whether the Open Roofs Exclusion applies. Second, because Travelers has filed a Rule 56(d) Affidavit stating it has yet to discover the relevant extrinsic evidence, the court dismisses the Motion for Summary Judgment without prejudice.

---

[57] *Id.* ¶ 10.

[58] *Id.* ¶ 11.

[59] *Id.* ¶ 13.

[60] Dkt. 35 at 6–7. Atain also discusses the Article III doctrines of standing and ripeness and argues that "a declaratory action premised on an insurer's duty to defend may be ripe for adjudication before the underlying action has been adjudicated." Dkt. 35 at 2–5. The court does not take Travelers' opposition to argue that a declaratory action in general must wait until a final adjudication in the underlying suit before it may proceed to summary judgment. Rather, the court understands Travelers to argue that some fact-finding on the issue of how RWC assessed the weather and protected (or did not protect) the roof is necessary to determine the application of the Open Roofs Exclusion in this particular declaratory judgment action.

### A. Application of the "Eight Corners" Rule

The court concludes Utah's "eight corners" rule does not apply to the instant case because extrinsic evidence is necessary to determine whether the Underlying Complaint falls within the Policy and the insurer has a duty to defend.[61]

In Utah, an insurer's duty to defend a lawsuit brought against an insured can usually be determined by applying the "eight corners" rule, comparing the allegations within the four corners of the complaint, to the language in the four corners of the insurance policy.[62] However, this rule is not applied in all instances; instead, it is only applied to those cases where the "eight corners" documents definitively answer whether the insurer has a duty to defend the insured.[63] As the Utah Supreme Court explained:

> [W]hether extrinsic evidence is admissible to determine whether an insurer has a duty to defend an insured turns on the parties' contractual terms. If the parties make the duty to defend dependent on the allegations against the insured, extrinsic evidence is irrelevant to a determination of whether a duty to defend exists. However, if, for example, the parties make the duty to defend dependent on whether there is actually a 'covered claim or suit,' extrinsic evidence would be relevant to a determination of whether a duty to defend exists.[64]

In *Equine Assisted Growth & Learning Ass'n v. Carolina Casualty Insurance Co.*, the Utah Supreme Court further explained this distinction: "an insurer would have no duty to defend an insured based on a complaint sounding solely in battery when the policy excludes intentional torts from coverage."[65] In that situation, the duty-to-defend analysis could properly be limited to

---

[61] For purposes of considering the instant Motion, the court assumes without deciding that Utah law applies to this dispute. The parties did not address the choice of law issue, and the Policy does not appear to contain a choice of law provision. *See* Dkt. 2-2 at 8 (stating Atain reserves the right to "commence an action in any Court of competent jurisdiction").

[62] *See, e.g.*, *Equine*, 266 P.3d at 736.

[63] *Id.*

[64] *Fire Ins. Exch. v. Est. of Therkelsen*, 27 P.3d 555, 560 (Utah 2001).

[65] 266 P.3d at 736.

the language of the insurance policy alongside the allegations of the complaint because it would be obvious on the face of both documents that no duty to defend exists.[66] However, when "an inquiry limited to the face of the policy and the complaint leaves unanswered the question of whether the insurer has a duty to defend," a court must look to extrinsic evidence.[67] As such,

> [while] the analysis always begins with an examination of the policy language and the complaint, it ends there only if the policy terms when compared with the allegations definitively indicate that there is or is not a duty to defend. Otherwise, the duty-to-defend inquiry requires information that must be presented in the form of extrinsic evidence.[68]

The *Equine* court accordingly upheld a decision which concluded that, because an insurance policy "conditioned the duty to defend upon information not contained in the complaint," the trial court "should have examined extrinsic evidence in its analysis of the duty to defend outlined in the policy."[69] The trial court had to determine whether a duty to defend existed because the insurance policy contained a clause excluding from coverage any claim made on behalf of the insured against the insured (to prevent "insured versus insured" suits).[70] In the underlying suit, a complaint had been captioned as having been brought by Equine Assisted Growth and Learning Association (EAGALA) against itself. However, it was "undisputed" that EAGALA's former president and CEO "captioned the complaint as if EAGALA were the plaintiff" despite the fact he "had no authority to sue in EAGALA's name."[71] The Utah Supreme

---

[66] *Id.*

[67] *Id.*

[68] *Id.*

[69] *Id.* at 735.

[70] *Id.*

[71] *Id.*

Court had to determine whether a complaint incorrectly captioned as being brought by EAGALA was a claim made by or on behalf of EAGALA under the terms of the insurance agreement.[72]

The defendant insurance company argued that, even though the former CEO had no authority to caption the complaint in EAGALA's name, under the "eight corners" policy, the court was bound by the information in the complaint—including the caption—and could not look at extrinsic evidence about the former CEO.[73] The Utah Supreme Court disagreed. It observed that whether a claim was made by or on behalf of EAGALA was an "objective fact, the truth or falsity of which is not determined solely by the allegations, or in this case, the captioning of the complaint."[74] The Court concluded that, "[i]n light of the language defining the scope of the exclusion, an analysis limited to the 'eight corners' of the policy and the complaint is incomplete and fails to resolve the central inquiry" to determine the insurer's duty to defend.[75] Accordingly, the case was remanded for the trial court to examine extrinsic evidence.[76]

Guided by this precedent, the court examines the language of the Policy and the Underlying Complaint to evaluate whether the "eight corners" of those documents "definitively indicate that there is or is not a duty to defend."[77]

Under the Policy, Attain possesses a "duty to defend the insured against any 'suit' seeking" property damages covered by the insurance, and "no duty to defend the insured against any 'suit' seeking damages for . . . 'property damage' to which this insurance does not apply."[78]

---

[72] *Id.* at 737.

[73] *Id.*

[74] *Id.* at 738.

[75] *Id.*

[76] *Id.*

[77] *Id.* at 736.

[78] Dkt. 19 at 3.

The Open Roofs Exclusion is one such area which indicates the "insurance does not apply and there shall be no duty to defend or indemnify any insured for any 'property damage'" resulting from an open roof unless two conditions are met.[79] Those conditions are: "(1) take all appropriate steps to determine adverse weather conditions; and (2) provide temporary waterproof covering able to withstand the elements."[80] As applied here, Atain has a duty to defend RWC against any suit seeking property damages from an unattended open roof only if RWC satisfied the conditions.

The Underlying Complaint includes causes of action for breach of contract and negligence based "upon information and belief" that "during the roof construction, and after removal of at least a portion of the old roofing materials," RWC negligently left the roof exposed and during the period of exposure, "a heavy rainstorm occurred," resulting in flooding and damage to the subrogor's property.[81] Atain argues it has no duty to defend because, under the factual allegations in the Underlying Complaint, RWC violated one of the conditions of the Open Roofs Exclusion and triggered the application of that provision. However, the Open Roofs Exclusion is stated in terms of established facts, not allegations in a complaint: "[a]ny insured seeking coverage under the policy must [satisfy the two conditions]," and coverage does not apply "unless both of the conditions above have been satisfied."[82] The allegations in the Underlying Complaint, stating "upon information and belief" the roof was left open, do not "definitively indicate" whether the insured in this case actually satisfied the two conditions necessary for open roof coverage under the Policy. RWC's compliance or noncompliance with

---

[79] *Id.* at 5.

[80] *Id.*

[81] *Id.* at 7.

[82] *Id.* at 5.

the Open Roofs Exclusion is an "objective fact, the truth or falsity of which is not determined solely by the allegations," and "an analysis limited to the eight corners of the [P]olicy and [Underlying Complaint] is incomplete and fails to resolve the central inquiry" of coverage under the Policy.[83] Accordingly, extrinsic evidence is necessary to determine whether a duty to defend exists.

### B. Travelers' Rule 56(d) Affidavit

The court further concludes Travelers has made the necessary Rule 56(d) showing to establish facts "essential to justify its opposition" are unavailable to it because the Motion was filed before any discovery could occur.[84] In the Tenth Circuit, a non-movant opposing a motion for summary judgment may request additional discovery under Rule 56(d) by showing in an affidavit or declaration that: (1) the probable facts not available, (2) why those facts cannot be presented currently, (3) what steps have been taken to obtain these facts, and (4) how additional time will enable the party to obtain those facts and rebut the motion for summary judgment.[85] Travelers' Affidavit meets these requirements.

First, Travelers clearly states the probable facts not available—namely, any facts surrounding the steps RWC took (or did not take) in May 2019 to determine the weather conditions and provide temporary water proofing.[86] Second, Travelers states why those facts are not available: no discovery had taken place in the above-captioned case at the time the Motion for Summary Judgment was filed, and moreover no discovery had occurred in the Underlying

---

[83] *See Equine*, 266 P.3d at 738.

[84] Fed. R. Civ. P. 56(d); *see also* Dkt. 33; Dkt. 34.

[85] *Adams v. C3 Pipeline Constr. Inc.*, 30 F.4th 943, 968 (10th Cir. 2021) (internal citations and quotations omitted).

[86] Dkt. 33 ¶ 10.

Suit.[87] Third, Travelers states if the parties are able to commence the discovery process, it will be able to gather those facts.[88] Fourth, Travelers avers the additional time to go through discovery will enable the court to resolve material facts relating to the Open Roofs Exclusion.[89]

The court finds that Travelers has met its burden under Rule 56(d) and accordingly, the court will not make a final determination concerning Atain's Motion for Summary Judgment. The Motion for Summary Judgment is DENIED without prejudice, with leave to refile after the necessary discovery has been conducted.

## CONCLUSION

For the reasons stated above, Atain's Motion for Summary Judgment[90] is DENIED without prejudice. The Motion may be refiled following discovery and the development of a factual record.

SO ORDERED this 16th day of September, 2022.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge

---

[87] Dkt. 33 ¶¶ 6, 9.

[88] *Id.* ¶ 11; *see also* Dkt. 34 at 6 (suggesting written discovery or depositions of key individuals within RWC could provide these facts).

[89] Dkt. 33 ¶ 12.

[90] Dkt. 19.